UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMON SAUL SILVA,

          Petitioner,

    v.

DONALD R. HOLBROOK,

          Respondent.

Case No. C22-282-LK-MLP

ORDER GRANTING MOTION FOR COPY OF THE RECORD AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

      This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Ramon Silva, proceeding *pro se*, presented his federal habeas petition to the Court for filing on March 8, 2022. (Dkt. # 1.) The petition was served on Respondent, and on July 8, 2022, Respondent filed an answer to the petition together with relevant portions of the state court record. (*See* dkt. ## 5, 13-14.) On July 19, 2022, Petitioner filed a response to Respondent's answer (dkt. # 15) and, shortly thereafter, on July 25, 2022, Petitioner filed a notice of voluntary dismissal (dkt. # 16). This action was terminated upon receipt of Petitioner's notice of voluntary dismissal. However, on July 26, 2022, Petitioner submitted a motion asking that the Court disregard his request for

ORDER GRANTING MOTION FOR COPY
OF THE RECORD AND DENYING MOTION
FOR APPOINTMENT OF COUNSEL - 1

voluntary dismissal. (Dkt. # 17.) On July 29, 2022, Petitioner's motion to disregard his request for voluntary dismissal was granted and the case was reopened. (Dkt. # 19.)

On August 2, 2022, after the case was reopened, Petitioner submitted for filing a motion to strike his notice of voluntary dismissal and to appoint counsel. (Dkt. # 20.) Petitioner indicated therein, as he had in his prior motion to disregard his request for voluntary dismissal, that he did not want this case dismissed. (*Id.*) Petitioner also indicated that he was requesting counsel, but only if the Court chose not to strike his request for voluntary dismissal. (*Id.*)

On August 16, 2022, Petitioner submitted for filing a motion asking that he be provided a copy of court records and that counsel be appointed. (Dkt. # 21.) Petitioner indicates therein that, while in the midst of the mental health crisis that caused him to seek voluntary dismissal of this action, he destroyed all of his court documents and he appears to ask that he be provided a copy of the state court record previously submitted by Respondent. (*Id.* at 1.) He also requests therein appointment of counsel, apparently based on the current state of his mental illness. (*Id.* at 2.) Finally, Petitioner requests in his second motion that health information contained in his motion be redacted. (*See id.* at 1.) Respondent has not filed a response to either of Petitioner's motions.

The first of Petitioner's two motions (dkt. # 20) is effectively moot because Petitioner had already been granted the relief he requested therein at the time the motion was filed, *i.e.*, the striking of his request for voluntary dismissal. The Court therefore turns to Petitioner's second motion. (Dkt. # 21.) To the extent Petitioner requests that he be provided another copy of the state court record submitted by Respondent in this case, the Court will grant that motion, albeit reluctantly given the size of the record and whether it will be useful to Petitioner in prosecuting this case.

ORDER GRANTING MOTION FOR COPY
OF THE RECORD AND DENYING MOTION
FOR APPOINTMENT OF COUNSEL - 2

To the extent Petitioner seeks appointment of counsel in this matter, he has not demonstrated an entitlement to such relief. There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. However, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.

At this juncture, it does not appear that an evidentiary hearing will be required in this matter, and Petitioner fails to demonstrate that the interests of justice require appointment or counsel. As noted above, the basis of Petitioner's request for counsel is the current state of his mental health which he appears to assert has worsened recently because he is not currently on any medications, and because he is experiencing stress related to his impending release from incarceration. (Dkt. # 21 at 2.) The Court notes, however, that Petitioner has ably represented himself thus far in the litigation, despite his mental health issues. Moreover, the briefing in this matter is now complete and all that awaits is the Court's determination of Petitioner's petition. Appointment of counsel at this time does not appear to serve any purpose. Counsel will be appointed, as required, should the Court determine, upon closer review of the parties' submissions, that an evidentiary hearing is necessary.

Finally, to the extent Petitioner requests that health information in his motion be redacted, he provides no argument in support of this aspect of his motion. Because Petitioner provides no argument in support of this request for relief, it is not entirely clear what he believes should be redacted. The Court notes, however, that Petitioner submitted in support of his motion a part of a

mental health treatment plan prepared by one of his Washington Department of Corrections providers and that this may be the information he believes should be redacted. However, Petitioner placed his mental health at issue in submitting his motion and, in fact, the record as a whole is replete with references to his mental health issues and diagnoses. Petitioner fails to demonstrate that redaction is either necessary or appropriate.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Petitioner's motion to strike his notice of voluntary dismissal and to appoint counsel (dkt. # 20) is DENIED as moot.

(2) Petitioner's motion for a copy of the record (dkt. # 21) is GRANTED. Respondent is directed to provide Petitioner with a copy of his answer to Petitioner's petition and of the state court record submitted with the answer (dkt. ## 13-14) not later than ***fifteen (15) days*** from the date of this Order.

(3) Petitioner's motion for appointment of counsel and his motion to redact health information from his motion (dkt. # 21) are DENIED.

(4) The Clerk shall direct copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Lauren King.

DATED this 7th day of September, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING MOTION FOR COPY
OF THE RECORD AND DENYING MOTION
FOR APPOINTMENT OF COUNSEL - 4